UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID RANKINS,

                       Petitioner,

       -against-

UNITED STATES OF AMERICA,

                       Respondent.
------------------------------------------------------------X

9-CV-2181 (KMW)

1-CR-245 (KMW)

**OPINION AND ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/19

KIMBA M. WOOD, United States District Judge:

      Petitioner in this action, David Rankins ("Rankins"), moves for reconsideration of this Court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255. (ECF No. 19.)[1] In his motion for reconsideration, Rankins contends that the Court erroneously determined that the arguments raised in his § 2255 petition were procedurally barred and, in evaluating his arguments on the merits, applied the wrong standard. Otherwise, Rankins raises essentially the same issues and arguments the Court considered in denying his § 2255 petition.

      For the reasons discussed below, the Court DENIES Rankins' motion for reconsideration.

## BACKGROUND

### I. Factual Background

      The Court assumes the parties' familiarity with the facts of this case, which are described in the Court's Opinion and Order denying Rankins' § 2255 petition. (*See* ECF No. 18, at 1–4.) Briefly, Rankins was charged, along with other defendants, with engaging in a racketeering enterprise involving fraudulent real estate transactions. (*Id.* at 1.) Rankins' role in the fraudulent

---

[1] All ECF citations refer to the civil docket, *Rankins v. United States*, 1:09-cv-02181-KMW.

scheme was that of a straw purchaser for two real estate properties. In connection with these straw purchases, Rankins falsified loan applications. (*Id.* at 2–3.)

## II. Procedural Background

After a seven-week trial, the jury convicted Rankins, finding that he acted as a straw purchaser of the two properties. (*Id.* at 4.) Rankins was ultimately sentenced to fifteen months' imprisonment and one year of supervised release. (*Id.* at 5.) After serving his sentence, Rankins was released from prison on or about May 2, 2008. (*Id.*) His one-year term of supervised release expired on or about May 2, 2009. (*Id.*)

On March 9, 2009, during the period of his supervised release, Rankins filed his initial § 2255 petition, asking the Court to vacate, set aside, or correct his sentence. (*Id.* at 1.) Rankins argued that the Government (1) committed prosecutorial misconduct by presenting false evidence at trial, and (2) failed to provide exculpatory and impeachment information as required under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rule of Criminal Procedure 16. (*Id.*)

In an Opinion and Order issued on March 12, 2013, the Court rejected Rankins' arguments and denied his § 2255 petition. (*Id.* at 15.) The Court did not issue a certificate of appealability because Rankins failed to make substantial showing of the denial of a constitutional right. (*Id.*)

On March 26, 2013, Rankins filed the present motion for reconsideration. (ECF No. 19.) Throughout his motion, Rankins raises numerous issues and arguments that the Court already considered and rejected in its denial of his § 2255 petition. Apart from his recycled claims, Rankins contends that the Court "omitted controlling decisions that would permit a court to review previous adjudicated claims upon being presented with new evidence that was not

considered in the original review of the claims." (*Id.* at 2–6.) Rankins also suggests that the Court did not apply the standard announced in *United States v. Mahaffy*, 693 F.3d 113 (2d Cir. 2012). (*Id.* at 6–11.)

## DISCUSSION

### I. Legal Standard

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "Reconsideration is not a substitute for appeal and should only be granted to correct clear error, prevent manifest injustice, or to account for new evidence or a change in controlling law that might reasonably be expected to alter the court's decision." *Gonzalez v. United States*, No. 10 CR 238, 2014 WL 1725738, at *1 (S.D.N.Y. Apr. 30, 2014) (Keenan, J.) (citing *See Beras v. United States*, No. 05 Civ. 2678, 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013) (Scheindlin, J.)).

Because Rankins is proceeding *pro se*, his submissions will be "liberally construed in his favor," *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), and will be read "to raise the strongest arguments they suggest," *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

### II. Rankins' reconsideration arguments

Rankins' motion for reconsideration identifies no clear error and cites no change in controlling law or new evidence overlooked by the Court that might reasonably be expected to alter the denial of his § 2255 petition. Although most of the arguments Rankins raises in the present motion simply rehash arguments raised in his original § 2255 petition—and the Court declines to address them again—two arguments warrant discussion.

### A. Procedural bar

Rankins dedicates a large portion of his motion to contesting the Court's determination that his claims are procedurally barred. (*See* ECF No. 19, at 2–6.) But even assuming this determination were incorrect, Rankins would not be entitled to relief. This is so because, notwithstanding the procedural bar, the Court went on to reject Rankins' arguments on the merits. (*See* ECF No. 18, at 8 ("Even considering Petitioner's arguments on the merits, however, the Court finds that no prosecutorial misconduct occurred."); *id.* at 8–10 (considering and rejecting the merits of Rankins' prosecutorial misconduct claims); *id.* at 11 ("Although much of Petitioner's claim [that the Government failed to produce certain exculpatory and impeachment information] is procedurally barred, even considering these contentions on their merits, the Court finds that the evidence does not support Petitioner's claim."); *id.* at 11–15 (considering and rejecting the merits of Rankins' failure-to-disclose claims).) Therefore, even if Rankins were correct that his claims were not procedurally barred, this does not entitle him to relief.

### B. *United States v. Mahaffy*

In an attempt to point to controlling law the Court overlooked, Rankins cites to *Mahaffy*, 693 F.3d 113. In *Mahaffy*, the Second Circuit held that "[w]here suppressed evidence is inculpatory as well as exculpatory, and 'its exculpatory character harmonize[s] with the theory of the defense case,' a *Brady* violation has occurred." *Id.* at 130 (quoting *United States v. Triumph Capital Grp.*, 544 F.3d 149, 164 (2d Cir. 2008)) (alteration in *Mahaffy*). Seizing on this instruction, Rankins repeatedly insists that the "newly discovered evidence" he presented to the Court in his § 2255 petition "harmonizes" with the theory of his defense. Because the Court apparently overlooked this harmony, Rankins argues that the Court improperly applied *Mahaffy*.

Rankins is incorrect. Although *Mahaffy* does direct courts to consider whether suppressed evidence harmonizes with the theory of the defense, the evidence in question must still be in some way *exculpatory*. *See id.* ("[w]here suppressed evidence is inculpatory *as well as exculpatory*, and 'its *exculpatory* character harmonize[s] with the theory of the defense case,' a *Brady* violation has occurred."(emphasis added)). In his § 2255 petition, Rankins failed to explain how the non-disclosed evidence he identified—almost all of which was unrelated to the fraudulent scheme in his own case—was exculpatory. Indeed, the Court rejected Rankins' argument on this basis. (*See* ECF No. 18, at 12–13.)[2]  Rankins is therefore not entitled to relief.

## CONCLUSION

For the foregoing reasons, Rankins' motion for reconsideration is DENIED. A certificate of appealability will not issue because Rankins has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: New York, New York
March 11, 2019

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

---

[2] The Court also held that Rankins did not demonstrate that the Government actually suppressed the evidence in question or that any prejudice ensued. (*See* ECF No. 18, at 15.)